NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CYNTHIA LOUISE REDMOND, *Appellant.*

No. 1 CA-CR 19-0055
FILED 12-19-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-130903-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge David D. Weinzweig joined.

**H O W E**, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Cynthia Louise Redmond has advised this Court that she has found no arguable questions of law and asks us to search the record for fundamental error. Redmond was charged with possession of a dangerous drug, a class 4 felony; possession of a narcotic drug, a class 4 felony; and shoplifting, a class 1 misdemeanor. Redmond was given an opportunity to file a supplemental brief in propria persona; she has not done so. After reviewing the record, we affirm Redmond's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Redmond. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). In May 2016, Redmond was shopping inside a local Walmart, where she selected a pair of sunglasses, a pair of gloves and fuel injector fluid. Redmond then went to the self-checkout and paid for the fuel injector fluid but did not pay for the sunglasses or gloves. After passing all points of sale, Walmart's loss prevention officer approached Redmond to talk about the unpaid merchandise. Redmond attempted to leave the store and fought against the loss prevention officer when he tried to stop her. Redmond dropped her purse as she left the store and got into a white Honda CR-V. The loss prevention officer asked his assistant manager to get the license plate of the car while he called the police.

¶3        The loss prevention officer gave the police Redmond's purse and the surveillance video of the crime. The officer searched the purse and found syringes, a plastic container with a tar-like substance, a clear bag with a white crystalline substance, a wallet with a driver's license belonging to Redmond, and an EBT card belonging to Redmond. The officer also found the gloves and sunglasses that she took from the store. After searching Redmond's purse, the officer sealed the drugs in envelopes and sent them to the Department of Public Safety ("DPS") for testing. The DPS crime laboratory tested the substances found in Redmond's purse and confirmed them to be methamphetamine and heroin. After a four-day jury trial, Redmond was found guilty of possession of a dangerous drug, possession of a narcotic drug, and shoplifting.

¶4        The trial court conducted the sentencing hearing in compliance with Redmond's constitutional rights and Arizona Rule of

Criminal Procedure 26. The trial court considered Redmond's lack of criminal history, her health issues, and her substance abuse issues as mitigating factors. Redmond was sentenced to concurrent terms of two years' supervised probation on each charge.

## DISCUSSION

**¶5**        We review Redmond's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Redmond has advised this Court that after a diligent search of the entire record, she has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Redmond at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Redmond's convictions and sentences.

**¶6**        Upon the filing of this decision, defense counsel shall inform Redmond of the status of the appeal and of her future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Redmond shall have 30 days from the date of this decision to proceed, if she desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

**¶7**        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA

3